1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

DEVELOPERS SURETY AND INDEMNITY
COMPANY,

8

                Plaintiff,

9

    vs.

10

11

ADAMS RESIDENTIAL CONTRACTING,
INC.,

12

             Defendant.

No.

**COMPLAINT FOR DECLARATORY
JUDGMENT**

13

14      Plaintiff Developers Surety and Indemnity Company ("DSI") states a cause of action

15  pursuant to 28 U.S.C.A. §2201 against defendant Adams Residential Contracting, Inc.

16  ("Adams") seeking a declaration of DSI's rights and duties under commercial general liability

17  insurance policy number BIS0019250-03 ("Policy") issued by DSI to Adams.

18                    **I.  PARTIES**

19      1.      Plaintiff DSI is a foreign insurance company domiciled in the State of

20  California and is an authorized insurer in the State of Washington.  DSI issued Adams an

21  insurance policy, number BIS00019250-03, with effective dates of June 19, 2016 to June 19,

22  2017.  This is the Policy at issue in this case.

23      2.      Defendant Adams is a Washington corporation and a citizen of the State of

Complaint for Declaratory Judgment – 1

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024

Washington.

## II.  JURISDICTION

1.      Plaintiff and defendant are citizens of different states and the amount in controversy in this matter exceeds $75,000.  This Court has subject matter jurisdiction over this matter in diversity pursuant to 28 U.S.C.A. §1332(a)(1).  This Court has personal jurisdiction over the parties as all material events took place in the Western District of Washington.  This Court has authority pursuant to 28 U.S.C.A. §2201 to enter an order of declaratory judgment regarding the rights and obligations of the parties under the Policy.

## III.  VENUE

1.      Venue is proper in this district pursuant to 28 U.S.C.A. §1391(a)(2) because the events giving rise to this case took place in this district and because the defendant at all material times was located and did business within this district.

## IV.  FACTS

1.      This case arises out of an underlying case filed in the Superior Court for the State of Washington in and for King County styled, *City of Seattle v. Adams Residential Construction, et. al.*, Cause No. 19-2-21001-0 SEA, (the "Underlying Complaint").  The Underlying Complaint alleges property damage to drainage and sewer mains owned by the City of Seattle resulting from construction activities undertaken by Adams and its subcontractor McDowell NW Pile King, Inc. ("Pile King").  Among other things, the Underlying Complaint alleges piles intended to support a deck being built by Adams as part of a residential construction project were driven through City of Seattle sewer or drainage pipes running under the project.  The damages claimed by the City of Seattle for required repairs to its sewer pipes exceed $75,000.  The Underlying Complaint further alleges Adams negligently

Complaint for Declaratory Judgment – 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024

damaged the City's sewer mains, negligently failed to request a location service to locate the underground pipes prior to pile installation, and negligently failed to provide information to Pile King relating to the pipes the City had previously provided to Adams.

2.      Adams submitted a claim for defense and indemnity in relation to the Underlying Complaint to DSI under the terms and conditions of the Policy.

3.      DSI is providing Adams a defense against the Underlying Complaint consistent with all applicable Policy terms and conditions and has reserved its right to investigate what coverage is available under the Policy for Adams' claims.

## V.   CLAIM FOR RELIEF / DECLARATORY JUDGMENT

1.      An actual controversy exists between DSI and Adams concerning the contractual rights and obligations of DSI under its Policy.  DSI seeks a declaratory judgment declaring its respective rights and obligations, if any, under the Policy pursuant to 28 U.S.C.A. § 2201.

2.      In relevant part, DSI's policy contains the following terms and conditions:

**COMMERCIAL GENERAL LIABILITY
COVERAGE FORM**

(Form CG0001 04 13)

**SECTION I — COVERAGES**

**COVERAGE  A  —  BODILY  INJURY  AND
PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those

Complaint for Declaratory Judgment – 3

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024

damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply...

  b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period...

3. The Policy also includes applicable endorsements, one of which was the WASHINGTON CHANGES – DEFENSE COSTS Endorsement (Form IL 01 23 11 13) which amends the Policy to allow DSI to seek reimbursement for defense costs incurred for claims which are determined to not be covered under the Policy. Specifically, the Endorsement sets forth, in pertinent part:

  A. The provisions of Paragraph **B.** are added to all Insuring Agreements that set forth a duty to defend under:

    **1.** Section **I** of the Commercial General Liability . . . Products/Completed Operations Liability . . .

    \* \* \*

    Paragraph **B.** also applies to any other provisions in the policy that sets forth a duty to defend.

  **B.** If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we provided a defense or defense costs, are covered under this insurance, we have the right to

Complaint for Declaratory Judgment – 4

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024

reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs.

4.     Further, the Policy includes the ADDITIONAL CONDITIONS ENDORSEMENT (form ID 0060114) which sets forth that certain conditions must be satisfied prior to coverage being triggered under the Policy.  The Endorsement states, in relevant part:

The following conditions precedent to coverage are added to and form part of the policy:

1.     You must be named an additional insured on the commercial general liability policy of each contractor and subcontractor that performs work on your behalf throughout the time of each such contractor's and subcontractor's performance, and each such policy must provide defense as well as indemnity to you as an additional insured.

2.     You must obtain a certificate of insurance from each contractor and subcontractor that performs work on your behalf prior to the commencement of each such contractor's and subcontractor's work indicating that each such contractor and subcontractor has a commercial general liability policy in effect.

3.     Both the policy within which you are named as an additional insured and the certificate of insurance you obtain must have each occurrence, general aggregate, and products-completed operations aggregate limits, including sublimits, in an amount equal to or greater than this policy.

4.     You must obtain a hold harmless agreement from each of your contractors and subcontractors, indemnifying you against all loss in any way related

Complaint for Declaratory Judgment – 5

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024

to work performed on your behalf by each such contractor and subcontractor.

5.     The Policy also includes the UNDERGROUND UTILITY LOCATION CONDITION Endorsement (form ID 00500114), which bars coverage for any loss that results from operations related to boring or similar underground work where a local locator service did not mark all underground utilities. The Underground Utility Location Condition Endorsement states, in pertinent part:

**SECTION IV — COMMERCIAL GENERAL LIABILITY**

**CONDITIONS** is hereby amended to add the following:

**Underground Utility Location**

It is a condition precedent to coverage that before the insured commences any digging, excavation, boring or similar underground work, a local locator service must come to the job site and mark all underground lines, pipes, cables and underground utilities. The insured must obtain and retain a written record from the locator service. If this is not done, there is no coverage under the policy for any loss, costs or expenses arising out of such operations, and we shall have no duty to defend or indemnify with respect thereto.

6.     The Additional Conditions Endorsement requires, among other things, that Adams be named as an additional insured on the liability policy of each subcontractor that performs work on its behalf, and the policy naming Adams as an additional insured must provide Adams defense as well as indemnity.

7.     The Additional Conditions Endorsement requires that Adams obtain a certificate of insurance from each subcontractor that performs work on its behalf, including from Pile King in this case, prior to the subcontractor beginning any work, indicating the subcontractor has a commercial general liability policy in effect.

Complaint for Declaratory Judgment – 6

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024

8.      The Additional Conditions Endorsement requires Adams to obtain a hold harmless agreement from any subcontractor working on its behalf, including Pile King here, indemnifying Adams against all loss in any way related to work performed on behalf of Adams by the subcontractor.

9.      On information and belief, Adams was not named as an additional insured under Pile King's liability policy.  Adams has provided copies of Acord Certificates of Liability Insurance indicating Pile King had a policy of insurance in force during the construction project at issue here including Commercial General Liability coverage.  However, these Certificates name Adams only as a "Certificate Holder," not as an additional insured. Moreover, each Certificate contains a disclaimer stating it is "issued as a matter of information only and confers no rights upon the certificate holder."  Therefore, the condition precedent for coverage under the Policy set forth in the Additional Conditions Endorsement that Adams be named as an additional insured under the liability policy of all subcontractors that perform work on behalf of Adams was not satisfied and there is no coverage under the Policy for the claims at issue here.

10.     Adams did not obtain a hold harmless agreement from Pile King.  Therefore, the condition precedent for coverage under the Policy set forth in the Additional Conditions Endorsement that Adams obtain a hold harmless agreement from any subcontractor working on its behalf was not satisfied and there is no coverage under the Policy for the claims at issue here.

11.     The Underground Utility Location Condition Endorsement required that in order for coverage to be triggered under the Policy all conditions of that Endorsement had to be met.  All conditions set forth in the Endorsement were not met, including but not limited to

Complaint for Declaratory Judgment – 7

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

1    failing to have a locator service mark all underground utilities and failing to get and keep a

2    written record from a locator service that all utilities had been marked.  Because the conditions

3    of the Underground Utility Location Condition Endorsement were not met there is no coverage

4    under the Policy for any claimed loss, costs or expenses arising from Adams' operations and

5    DSI has no duty to defend or indemnify Adams.

6        12.    The Defense Costs Endorsement provides DSI a right of reimbursement of all

7    costs incurred after it informed Adams of the potential for no coverage under the Policy. DSI

8    notified Adams in a reservation of rights letter dated August 29, 2019 there may be no

9    coverage for the claims at issue here. DSI is entitled to reimbursement from Adams of all costs

10   for indemnity or defense incurred after that date.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, DSI prays for relief as follows:

1.    For a declaratory judgment that there is no coverage provided under Developers

Surety and Indemnity Company's commercial general liability insurance policy number

BIS0019250-03 in connection with Adams' claims relating to the Underlying Complaint for

defense or indemnity.

2.    For a declaratory judgment that Developers Surety and Indemnity Company has

no duty to defend or indemnify Adams for any claims, costs, or expenses relating to the

Underlying Complaint.

3.    For recovery of fees and costs as permitted by the terms and conditions of the

Policy, statute, or rule; specifically including recoupment of attorneys' fees relating to the

defense against the Underlying Complaint currently being provided to Adams by Developers

Surety and Indemnity Company under reservation of rights.

Complaint for Declaratory Judgment – 8

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024

4.      For such other relief as the court deems just and equitable.

Dated this 12th day of June, 2020.

                                        s/Carl E. Forsberg
                                        Carl E. Forsberg, WSBA # 17025
                                        Forsberg & Umlauf, P.S.
                                        901 Fifth Ave., Suite 1400
                                        Seattle, WA  98164
                                        Phone:  (206) 689-8500
                                        Email:  cforsberg@foum.law

                                        Attorneys for Plaintiff Developers Surety and
                                        Indemnity Company

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164-2050
(206) 689-8500 • (206) 689-8501 FAX

2600697 / 1310.0024