1

2

3

4                                                          **Honorable Barbara J. Rothstein**

5                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
6                                     AT SEATTLE

7  DEVELOPERS SURETY AND INDEMNITY          No.  2:20-cv-00912-BJR
   COMPANY,
8                                           **PLAINTIFF'S MOTION FOR**
              Plaintiff,                    **SUMMARY JUDGMENT**
9
         vs.                                **NOTED FOR HEARING:**
10                                          **FRIDAY, SEPTEMBER 18, 2020**
   ADAMS RESIDENTIAL CONTRACTING,
11 INC.,

12            Defendant.

13

14                          **I.  INTRODUCTION**

15      Plaintiff, Developers Surety and Indemnity Company (hereafter "Developers"),

16 respectfully moves for summary judgment that no coverage is provided under its policy of

17 insurance (hereafter "Policy") issued to defendant Adams Residential Contracting, Inc. (hereafter

18 "Adams").   Developers' motion should be granted because Adams violated certain terms

19 contained in the Policy.  These failures bar coverage for any of Adams' claims.

20      Developers also moves for an order it may recoup costs expended to fund Adams'

21 defense under a reservation of rights.  Developers is entitled to recoupment because the Policy

22 expressly  allows Developers to seek reimbursement for defense costs for claims which are

23 determined not to be covered under the Policy.

Plaintiff's Motion for Summary Judgment – 1          **FORSBERG & UMLAUF, P.S.**
Cause No.:  2:20-cv- 00912-BJR                            ATTORNEYS AT LAW
                                                  901 FIFTH AVENUE • SUITE 1400
                                                  SEATTLE, WASHINGTON  98164
2749909 / 1310.0024                               (206) 689-8500 • (206) 689-8501 FAX

1

## II.  SUMMARY OF UNDISPUTED FACTS

2

**A.   Policy Terms and Conditions**

3

Developers issued policy number BIS00019250-03 to Adams with effective dates of June

4

19, 2016 to June 19, 2017.  [Declaration of Erika Floyd, ¶3, Ex. 1.]  The Policy contained the

5

following language:

6

7

> **COMMERCIAL   GENERAL   LIABILITY   COVERAGE FORM**

8

> (Form CG0001 04 13)

9

> **SECTION I – COVERAGES**

10

11

> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

12

> **1.   Insuring Agreement**

13

14

>> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply...

15

16

17

18

19

>> b.   This insurance applies to "bodily injury" and "property damage" only if:

20

21

>>> (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

22

23

>>> (2)   The "bodily injury" or "property damage" occurs during the policy period…

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

1  (*Id.*)

2      The Policy includes several applicable endorsements.  The first is the WASHINGTON

3  CHANGES – DEFENSE COSTS Endorsement (Form IL 01 23 11 13) which amended the

4  Policy to allow Developers to seek reimbursement for defense costs for claims determined not to

5  be covered under the Policy:

6          **A.**     The provisions of Paragraph **B.** are added to all Insuring
                    Agreements that set forth a duty to defend under:

7

8          **1.**     Section **I** of the Commercial General Liability . . .
                    Products / Completed Operations Liability . . .

9                    ***

10                    Paragraph **B.** also applies to any other provisions in
                    the policy that sets forth a duty to defend.

11
        **B.**     If we initially defend an insured ("insured") or pay for an
12                    insured's ("insured's") defense but later determine that none
                    of the claims ("claims"), for which we provided a defense or
13                    defense costs, are covered under this insurance, we have the
                    right to reimbursement for the defense costs we have incurred.

14                    The right to reimbursement under this provision will only
                    apply to the costs we have incurred after we notify you in
15                    writing that there may not be coverage and that we are
                    reserving our rights to terminate the defense or the payment of
16                    defense costs and to seek reimbursement for defense costs.

17  (*Id.*)

18      The Policy also includes the ADDITIONAL CONDITIONS ENDORSEMENT (form ID

19  0060114) which sets forth certain conditions, which must be satisfied before coverage is

20  triggered under the Policy.  This endorsement states:

21          The following conditions precedent to coverage are added to and
          form part of the policy:

22
        1.     You must be named an additional insured on the
23                    commercial general liability policy of each contractor and

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

subcontractor that performs work on your behalf throughout the time of each such contractor's and subcontractor's performance, and each such policy must provide defense as well as indemnity to you as an additional insured.

2.  You must obtain a certificate of insurance from each contractor and subcontractor that performs work on your behalf prior to the commencement of each such contractor's and subcontractor's work indicating that each such contractor and subcontractor has a commercial general liability policy in effect.

3.  Both the policy within which you are named as an additional insured and the certificate of insurance you obtain must have each occurrence, general aggregate, and products-completed operations aggregate limits, including sublimits, in an amount equal to or greater than this policy.

4.  You must obtain a hold harmless agreement from each of your contractors and subcontractors, indemnifying you against all loss in any way related to work performed on your behalf by each such contractor and subcontractor.

(*Id.*)

And the Policy includes an UNDERGROUND UTILITY LOCATION CONDITION Endorsement (form ID 00500114), which bars coverage for any loss that results from operations related to boring or similar underground work where a local locator service did not mark all underground utilities. The Underground Utility Location Condition Endorsement states:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS** is hereby amended to add the following:

**Underground Utility Location**

It is a condition precedent to coverage that before the insured commences any digging, excavation, boring or similar underground work, a local locator service must come to the job site and mark all underground lines, pipes, cables and underground utilities. The insured must obtain and retain a written record from the locator service. If this is not done, there is no coverage under the policy for any loss, costs or expenses arising out of such

Plaintiff's Motion for Summary Judgment – 4
Cause No.: 2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

1    operations, and we shall have no duty to defend or indemnify with
     respect thereto.

2    (*Id.*)

3    **B.    Adams' Claim for Coverage Under Developer's Policy**

4    On August 9, 2019 a lawsuit (hereafter "Underlying Lawsuit") was filed by the City of

5    Seattle against Adams and one of its subcontractors, McDowell NW Pile King (hereafter "Pile

6    King"). [Declaration of Paul Smith, ¶2, Ex. 1.] The Complaint in the Underlying Lawsuit

7    alleges that construction piles driven by Adams or its subcontractor in or around September 2016

8    during a residential building project had penetrated City sewer lines. (*Id.*) In connection with

9    these allegations, the City of Seattle seeks monetary damages for the expense of repairing the

10   sewer lines. (*Id.*) On August 19, 2019, Adams' insurance broker submitted a claim for defense

11   and indemnity under the Policy in connection with the Underlying Lawsuit. [Floyd Decl., ¶4.]

12   The claim was investigated and handled by Developers' third-party claims administrator, Claims

13   Resource Management, Inc., which has acted on Developers' behalf throughout this matter. (*Id.*)

14   The day after the claim was first reported, Claims Analyst, Ms. Erika Floyd, contacted

15   defendant's president, Mr. Kevin Adams to acknowledge receipt of claim and to discuss

16   specifics of the claim. (*Id.*) After that conversation, Ms. Floyd emailed to Mr. Adams indicating

17   Developers had assigned counsel to defend Adams in the Underlying Lawsuit subject to a full

18   reservation of rights. (*Id.*, Ex. 2.) Ms. Floyd requested that Adams provide documentation it had

19   been named as an additional insured on its subcontractor's insurance policy as required under the

20   policy to trigger coverage under the Policy. (*Id.*)

21   On August 29, 2019, Ms. Floyd followed up with a letter to Adams identifying multiple

22   reasons why no coverage may be provided under the Policy in connection with the allegations set

23   forth. [Floyd Decl., Ex. 4.] Developers did not accept Adams' claims for defense and indemnity

Plaintiff's Motion for Summary Judgment – 5
Cause No.: 2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

1  because relevant conditions precedent had not been complied with by Adams.  (*Id.*)  Specifically,

2  Developers informed Adams that if it was not added as an additional insured to Pile King's

3  policy or if it had not obtained a hold harmless agreement from Pile King, there was no coverage

4  under the Policy.  (*Id.*)  Developers again asked Adams for any evidence it had that these two

5  conditions precedent had been met.  (*Id.*)  The August 29, 2019 letter also notified Adams of

6  Developers' right to recoup defense costs paid in connection with any uncovered claims and set

7  forth the language relating to this right from the Defense Cost Endorsement.  (*Id.*)

8      On December 31, 2019, Ms. Floyd sent another letter to Adams setting forth the policy

9  terms and, again stated that Adams' claim for defense or indemnity for the Underlying Lawsuit

10 would be denied if the information to trigger the Policy's conditions precedent had not been met.

11 [Floyd Decl., Ex 4.]  This motion follows.

12                    **III.  ARGUMENT AND AUTHORITY**

13 **A.    Summary Judgment Standards**

14     Summary judgment is proper when the pleadings and disclosure materials on file and the

15 affidavits show there is no genuine issue as to any material fact and that the movant is entitled to

16 judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as

17 a matter of law when the nonmoving party fails to make a sufficient showing on an essential

18 element of a claim on which the nonmoving party must prove.  *Celotex Corp. v. Catrett*, 477

19 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a

20 whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

21 *Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present

22 specific, significant probative evidence, not simply "some metaphysical doubt").  *See also* Fed.

23 R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient

Plaintiff's Motion for Summary Judgment – 6
Cause No.:  2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

1  evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing
2  versions of the truth. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 253 (1986); *T.W. Elec.*
3  *Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

4  Determining the existence of a material fact is often a close question.  The Court must
5  consider the substantive evidentiary burden that the nonmoving party must meet – e.g., a
6  preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv.,*
7  *Inc*., 809 F.2d at 630.  The Court must resolve any factual issues of controversy for the
8  nonmoving party only when the facts specifically attested by that party contradict facts
9  specifically attested by the moving party.  The nonmoving party may not merely state it will
10  discredit the moving party's evidence hoping evidence can be developed to support the claim.
11  *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,
12  nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.
13  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

14  **B.**     **Adams' Failure to Obtain Additional Insured Status Bars Coverage**

15  The Additional Conditions Endorsement to the Policy requires <u>as conditions precedent to</u>
16  <u>coverage</u> that Adams be named as an additional insured on Pile King's commercial general
17  liability policy.  Since the first day of Developers' claims investigation it has requested proof this
18  condition has been satisfied.  No proof has ever been produced.

19  In its Initial Disclosures in this matter Adams identified a Certificate of Liability
20  Insurance provided by Pile King's insurer during October 2016, Knight Specialty Insurance
21  Company.  [Smith Decl., ¶3, Ex. 2.]  Although this Certificate may appear to be evidence that
22  Adams is an additional insured under Pile King's policy with one or more of the insurers listed
23  on the certificate,  it is not.  At the top of the Certificate, as is customary, the following language

Plaintiff's Motion for Summary Judgment – 7
Cause No.:  2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

1  appears in bold, uppercase font:

2
   THIS CERTIFICATE IS ISSUED AS A MATTER OF
3  INFORMATION ONLY AND CONFERS NO RIGHTS UPON
   THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES
4  NOT AFFIRMATIVELY OR NEGATIVELY AMEND,
   EXTEND OR ALTER THE COVERAGE AFFORDED BY THE
   POLICIES BELOW.
5  (*Id.*)

6  Moreover, in the section of the Certificate titled, "Description of

7  Operations/Locations/Vehicles" the Certificate limits any coverage provided as follows:

8
   ADDITIONAL INSURED AS REQUIRED BY WRITTEN
   CONTRACT: ADAMS RESIDENTIAL CONTRACTING, INC.
9  SEE ATTACHED ENDORSEMENTS.

   (*Id.*)
10

11  Based on representations of counsel, Developers understands and believes there was no

12  written contact between Adams and Pile King requiring Adams to be named as an additional

13  insured and none was produced by Adams in its Initial Disclosures. Also on representation of

14  counsel, Developers understands and believes Pile King's insurers have refused to provide

15  defense and indemnity to Adams in the Underlying Lawsuit as an additional insured under Pile

16  King's policy. The only evidence before this Court is that Adams was not named an additional

17  insured on Pile King's commercial general liability policy, a required condition to trigger

18  coverage under that Policy.[1]

19  **C.    Adams' Failure to Obtain Hold Harmless from Pile King Bars Coverage**

20  Besides Adams' failure to be named as an additional insured on Pile King's commercial

21  ---
[1] Adams may argue that pursuant to *T-Mobile USA Inc. v. Selective Ins. Co. of America*, 194 Wn.2d 413 (2019) any
disclaimer in the Certificate is invalid and therefore Adams is a named insured under Pile King's policy. However,
22  the facts of *T-Mobile* are distinguishable. Unlike that case, the certificate here provides additional insured status
only "as required by written contract." Moreover, the holding of *T-Mobile* was "an insurance company's agent who
makes an authoritative representation binds the insurance company…" *Id*, at 427. Here, the agent's representation
23  was that additional insured status turned on the existence of a written contract. Even if Pile King's insurers are
bound by this representation, the absence of a written contract precludes coverage.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

1  general liability policy, Adams' concurrent failure to enter into a hold harmless agreement with
2  Pile King is a separate basis there is no coverage under the Policy for Adams' claims.

3      The Additional Conditions Endorsement to the Policy required <u>as conditions precedent to</u>
4  <u>coverage</u> that Adams obtain a hold harmless agreement from each contractor or subcontractor
5  indemnifying Adams against all loss related to work performed by that contractor or
6  subcontractor, Pile King.  Since at least August 29, 2019 Developers has asked Adams for proof
7  this condition precedent had been satisfied.  No such proof has ever been produced.  In its Initial
8  Disclosures, Adams produced no evidence Pile King had agreed to hold Adams harmless or
9  indemnify Adams against loss related to Pile King's work.  To the contrary, in its Answer to
10  Adams' cross-claim in the Underlying Lawsuit, Pile King alleges Adams has breached its
11  contract to indemnify Pile King.  [Smith Decl., Ex. 2.]  This is precisely the opposite contractual
12  arrangement required by the Policy.  The only evidence before this Court is that Pile King has
13  not agreed to hold harmless or indemnify Adams.  Failure to meet this condition precedent bars
14  any coverage for Adams' claims here.

15  **D.  <u>Adams' Failure to Locate and Mark City Sewer Pipes Bars Coverage</u>**

16      The Underground Utility Location Endorsement requires <u>as a condition precedent to</u>
17  <u>coverage</u> that before any digging, boring or similar underground work take place 1) a local
18  locator service had to come to the job site and mark all underground pipes and lines and 2)
19  Adams had to obtain and retain a written record from the locator service. The language of the
20  Endorsement expressly states that if these two conditions are not met "there is no coverage under
21  the policy for any loss, costs or expenses arising out of such operations, and we shall have no
22  duty to defend or indemnify with respect thereto."

23      The language and requirements of the Underground Utility Location Endorsement were

Plaintiff's Motion for Summary Judgment – 9
Cause No.:  2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

in Developers December 31, 2019 letter to Adams.  In that letter Developers invited Adams to provide any additional facts or information it believed were pertinent to Developers' position that coverage was barred because the conditions precedent in the Underground Utility Location Endorsement had not been met.  Adams has provided no additional information or facts to suggest it hired a locator service that actually marked the City's sewer pipes or that any written records relating to such activities were obtained or retained by Adams.  Its failure to comply with these express conditions precedent bar coverage for its claims under the Policy.

In its Initial Disclosures, Adams did produce records showing it contacted Washington One Call before allowing Pile King to proceed with its work.  However, as set forth in the City's Complaint in the Underlying Action, Washington One Call is an RCW 19.122.027 service that does not perform underground utility location.  Rather, as defined by RCW 192.122.027 and RCW 192.122.030, Washington One Call is a clearinghouse that merely informs underground facility owners and operations of a planned excavation.  Here, upon receiving notification from Washington One Call, Seattle Public Utilities provided records to Adams of its "identified but unlocatable drainage and wastewater sewer main pipelines…as provided for by RCW Chapter 19.122.030(4)(b)(iii)."  Knowing this, in its December 31, 2019 letter Developers requested Adams provide it with factual information that Adams had complied with the Policy's requirements that the sewer lines were actually marked, and written proof of that marking be retained by Adams.  This information has never been provided because no locator service actually came to the site or marked the lines.

While Adams may argue impossibility because Seattle Public Utilities initially identified the sewer lines as "unlocatable" they were not physically impossible to locate as subsequent damage investigations revealed when cameras were run down the lines.  Modern location

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1  technology allows GPS sensors on cameras run through sewer lines to broadcast signals that

2  accurately plot the location of the camera and are routinely used by locator services to produce a

3  diagram of "unlocatable" underground pipes.

4  **E.     Conditions Precedent Provisions in Insurance Policies Are Enforceable**

5          A condition precedent is an event that "must exist or occur before there is a right to

6  immediate performance." *224 Westlake, LLC v. Engstrom Properties, LLC* 169 Wn. App. 700,

7  281 P.3d 693 (2012), *citing* Walter *Implement, Inc. v. Focht*, 107 Wash.2d 553, 556–57, 730

8  P.2d 1340 (1987).  In insurance policies, compliance with conditions precedent as an absolute

9  requirement for coverage have been upheld by Washington courts for decades.[2]  *Sears, Roebuck*

10  *& Co. v. Hartford Acc. & Indem. Co.*, 50 Wn.2d 443, 454, 313 P.2d 347 (1957) (failure to

11  comply with condition precedent "will release the insurer from the obligations imposed by the

12  contract, although no prejudice may have resulted."); *Buchanan v. Switzerland General Ins. Co.*,

13  76 Wn.2d 100, 106, 455 P.2d 344 (1969) ("We have consistently and in keeping with the

14  prevailing rule, held that, "where a proof of loss is required…such proof must be furnished as a

15  condition precedent to an action upon the policy…").

16          Developers is unaware of a published decision from a Washington court interpreting or

17  construing the Additional Conditions Endorsement or the Underground Utility Location

18  Endorsement.  However, numerous courts from other jurisdictions have found no coverage in

19  cases involving similar policy provisions containing conditions precedent or other requirements

20  that must be met to trigger coverage.  *See Burlington Ins. Co. v. Indus. Steel Fabricators, Inc.*,

21  387 Fed. Appx. 900, 904, 2010 U.S. App. LEXIS 14780 (11th Cir. Fla. 2010) (holding as

22

---

23  [2]While case law requires an insurer to show actual prejudice from an insured's failure to comply with a notice of loss provision to avoid coverage, this is not a notice of loss case.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON 98164
(206) 689-8500 • (206) 689-8501 FAX

1  unambiguous a "warranty endorsement" that required the insured to require its subcontractors to

2  have requisite insurance and to obtaining proof of that coverage); *Probuilders Specialty Ins. Co.*

3  *v. Phx. Contracting, Inc.*, No. 6:16-cv-00601-AA, 2017 U.S. Dist. LEXIS 2440, at *13 (D. Or.

4  Jan. 2, 2017) (insurer does not have a duty to indemnify or defend when the insured failed to

5  satisfy the "condition precedent" requiring the insured to obtain from its contractor a written

6  indemnity agreement and certificates of insurance indicating that the insured is named as an

7  additional insured); *Meridian Constr. & Dev., LLC v. Admiral Ins. Co.*, 105 F. Supp. 3d 1331,

8  1341 (M.D. Fla. 2013) (when conditions requiring the insured to obtain certificates of insurance,

9  additional insurance and hold harmless agreements from its contractors not met, the duty to

10 defend was not triggered); *Sharp Gen. Contractors, Inc. v. Mt. Hawley Ins. Co.*, 604 F. Supp. 2d

11 1360, 1367 (S.D. Fla. 2009) (coverage precluded because of the insured's failure to satisfy

12 conditions requiring it be named as an additional insured on all subcontractor policies and obtain

13 hold harmless agreements from its subcontractors); *Mt. Hawley Ins. Co. v. Nat'l Builders LLC*,

14 2009 U.S. Dist. LEXIS 58215, at *6, 2009 WL 1919611 (S.D.N.Y. June 30, 2009) (enforcing an

15 endorsement requiring the insured to obtain certificates of insurance and hold harmless

16 agreements from its contractors and be named as an additional insured on its subcontractors'

17 policies); *Mt. Hawley Ins. Co. v. Total Bldg. Sys.*, No. CV-06-2473-PCT-NVW, 2008 U.S. Dist.

18 LEXIS 53982, 2008 WL 2757076 (D. Ariz. 2008) (applying endorsement conditions requiring

19 the insured to obtain certificates of insurance, additional insurance, and hold harmless

20 agreements from its subcontractors); *Scottsdale Ins. Co. v. Essex Ins. Co.*, 98 Cal. App. 4th 86,

21 94-98 119 Cal. Rptr. 2d 62 (2002) (enforcing special condition endorsement requiring the

22 insured to obtain a harmless agreement and a certificate of insurance from its contractor showing

23 that the contractor was insured); *N. Am. Capacity Ins. Co. v. Claremont Liab. Ins. Co.*, 177 Cal.

Plaintiff's Motion for Summary Judgment – 12
Cause No.:  2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

1   App. 4th 272, 290, 99 Cal. Rptr. 3d 225 (2009) (enforcing contractors warranty endorsements

2   requiring the insured to obtain a hold harmless agreement and a certificate of insurance from its

3   contractor showing that the contractor was insured); *Sasser v. Wintz*, 2011-2022 (La. App. 1 Cir,

4   2012), 102 So. 3d 842, 850-51 (insurer did not have a duty to indemnify when the insured failed

5   to satisfy the condition precedent in an endorsement requiring it to obtain from its contractor a

6   written indemnity agreement and certificates of insurance indicating that the insured is named as

7   an additional insured).

8       And although not controlling authority, the Honorable James Robart's decision in

9   *Developers Surety and Indemnity Co. v. Alis Homes, LLC*, 2018 WL 1792182, is highly

10  persuasive.    There, Developers' policy issued to Alis Homes contained an "Additional

11  Conditions Endorsement" identical to this Endorsement.   Just as Adams, the insured in *Alis*

12  failed to be named as an additional insured on its subcontractor's commercial general liability

13  policy, failed to obtain the requisite certificates of insurance and failed to enter into hold

14  harmless or indemnity agreements with its subcontractors. Judge Robart granted Developers'

15  motion for summary judgment because:

16          The plain language of the Policy makes it clear that Alis is not
            entitled to coverage.  The Policy required Alis to obtain certificates
17          of insurance and hold harmless agreements with its subcontractors
            and to be named as an additional insured on its subcontractors'
18          own CGL policies.  Alis admits it met none of the conditions….
            Therefore Alis is not entitled to coverage, and Developers has no
19          duty to continue defending Alis or to indemnify Alis for any
            liability incurred in the Underlying Suit.

20  (*Id.* *4.)

21      The undisputed facts are that Adams did not comply with the conditions precedent of the

22  Additional Conditions Endorsement or the Underground Utility Location Endorsement.  Adams

23  was not named as an additional insured on Pile King's commercial general liability policy and

Plaintiff's Motion for Summary Judgment – 13
Cause No.:  2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024

1   Pile King's insurer has refused to defend Adams under that policy.  Adams did not obtain hold

2   harmless or indemnity agreements from Pile King.  But Pile King seeks indemnity and defense

3   from Adams.  Adams did not necessarily try to have a locator service actually come to the job

4   site and mark the existing sewer lines and did not obtain the required written documentation this

5   had occurred.  Each of these were required conditions precedent.  Adams failure to comply with

6   them precludes coverage for the causes of action alleged in the Underlying Lawsuit.  For all

7   these reasons, Developers is entitled to an order on summary judgment 1) that no coverage is

8   provided under the Policy for Adams with the Underlying Lawsuit, 2) that Developers has had

9   no duty to defend Adams since at least August 29, 2019, and 3) has no duty to indemnify Adams

10  against any judgment in the Underlying Lawsuit.

11  **F.       Developers Entitled to Recoupment**

12          In *National Sur. Corp. v. Immunex Corp.*, 162 Wn. App. 762, 778 256 P.3d 439 (2011), *aff'd*,

13  176 Wn.2d 872, 297 P.3d 688 (2013), the Court of Appeals held that an insurer that does not owe a

14  duty to defend may recoup its defense costs paid under a reservation of rights defense if the policy

15  specifically provides for a right of recoupment.  Here, the Policy does specifically provide for a right

16  of recoupment and Developers may have reimbursement for the costs it has incurred defending

17  Adams since at least since August 29, 2019.

## IV.  CONCLUSION

19          Adams' failure to comply with Policy conditions precedent bars coverage for its claims in

20  this matter.  Adams violated these conditions because 1) Adams was not named as an additional

21  insured on Pile King's insurance policy, 2) Adams did not obtain a hold harmless and

22  indemnification agreement from Pile King, and 3) a locator service did not mark the location of

23  City sewer lines and provide written records confirming this took place.  Coverage under the

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

1  Policy was not triggered because of Adams' violation of one or all of these conditions precedent.

2  Because the Policy provides no coverage Developers never had a duty to defend Adams and has

3  no duty to indemnify Adams against any judgment entered against it in the Underlying Lawsuit.

4       Under the Defense Cost Endorsement Developers is entitled to full recoupment of all

5  costs incurred defending Adams since at least August 29, 2019.

6       For all these reasons, Developers' motion should be granted.

7       Dated this 27th day of August, 2020.

8                                    s/ Paul S. Smith
                                     Carl E. Forsberg, WSBA # 17025
9                                    Paul S. Smith, WSBA #28099
                                     Forsberg & Umlauf, P.S.
10                                   901 Fifth Ave., Suite 1400
                                     Seattle, WA  98164
11                                   Phone:  (206) 689-8500
                                     Email: cforsberg@foum.law
12                                   Email: psmith@foum.law
                                     Attorneys for Plaintiff Developers Surety and
13                                   Indemnity Company

14

15

16

17

18

19

20

21

22

23

Plaintiff's Motion for Summary Judgment – 15
Cause No.:  2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

2749909 / 1310.0024

1

## CERTIFICATE OF SERVICE

2         The undersigned certifies under the penalty of perjury under the laws of the State of

3   Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4   resident of the State of Washington, over the age of eighteen years, not a party to or interested in

5   the above-entitled action, and competent to be a witness herein.

6         On the date given below I caused to be served the foregoing PLAINTIFF'S MOTION

7   FOR SUMMARY JUDGMENT on the following individual via the Court's ECF system which

8   will give notice to:

9   Ms. Linda L. Foreman
    Foreman Sturm & Thede, LLP

10  5825 60th St. S.E.
    Snohomish, WA  98290-5104

11  Email: linda@foremansturm.com

12        **SIGNED** this 27th day of August, 2020 at Everett, Washington.

13

14                   *s/ Denise Mary Pope*
                 Denise Mary Pope

15

16

17

18

19

20

21

22

23

Plaintiff's Motion for Summary Judgment – 16
Cause No.:  2:20-cv- 00912-BJR

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

2749909 / 1310.0024