1
2
3
4
5
6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

7
8

CITY OF SEATTLE, a municipal corporation,

Plaintiff,

v.

ADAMS RESIDENTIAL CONTRACTING
INC., a Washington corporation; and
MCDOWELL NORTHWEST PILE KING,
INC., a Washington corporation.

Defendants.

No.     19-2-21001-0 SEA

COMPLAINT FOR DAMAGES

## I.     PARTIES

1.     **Plaintiff.** The City of Seattle ("the City") is a municipal corporation located in King County and formed under the laws of the State of Washington. Seattle Public Utilities ("SPU") is a City Department.

2.     **Adams Residential Contracting, Inc.** ("Adams") is a Washington corporation doing business in the State of Washington as a licensed contractor.

3.     **McDowell Northwest Pile King, Inc.** ("McDowell") is a Washington corporation licensed in Washington as a licensed contractor.

COMPLAINT FOR DAMAGES - 1

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

## II.     VENUE

1.     The Court has jurisdiction over the parties and the subject matter.

2.     Venue is appropriate in King County Superior Court.

## III.     DAMAGE TO PLAINTIFF'S FACILTIES

1.     The property at 3503 45th Avenue NE, Seattle, WA is owned by John L. Starks and Jenness C. Starks, husband and wife.

2.     In or about July 2017, SPU discovered two or more pipe piles going through a SPU sewer main pipeline at 3503 45th Avenue NE, Seattle, WA.

3.     The pipe piles were discovered to have entered the drainage and wastewater main pipeline from the property at 3503 45th Avenue NE, Seattle, WA 98105.

4.     On June 21, 2016, Adams applied for a permit with the Seattle Department of Construction and Inspection to construct additions and alterations to the home on 3503 45th Avenue NE, Seattle, WA 98105.

5.     Adams was the general contractor and McDowell, a subcontractor, were both involved in subsequent construction at the Starks property.

6.     On August 11, 2016, Adams initiated a Washington One Call regarding construction at the property. The construction was described to be done in the back yard of the property.

7.     SPU promptly responded to the One Call by providing best available records regarding identified but unlocatable drainage and wastewater sewer main pipelines going through the property as provided for by RCW Chapter 19.122.030(4)(b)(iii).

8.     Adams subcontracted McDowell to provide and install pipe piles at the residence. By September 13, 2016, McDowell completed the installation of pipe piles.

COMPLAINT FOR DAMAGES - 2

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

9.      During installation, McDowell drilled pipe piles into and through the drainage and wastewater main pipelines that ran through the property and were identified on the map provided to Adams.

10.      McDowell failed to comply with RCW 19.122 and request a locate prior to excavating.  Had it requested a locate, it would have been on notice of the existence of identified but unlocatable facilities in the project area.

11.      Adams knew or should have known that the area that McDowell was drilling contained an SPU drainage and wastewater main pipeline.  Adams either failed to communicate the information provided by SPU to McDowell or failed to appropriately supervise the job as the general contractor.

12.      The piles driven by McDowell damaged the drainage and wastewater main pipeline underneath the property.

13.      Due to this damage, SPU will have to undertake substantial repairs and rebuilding of the drainage and wastewater pipelines in the area.  The final cost of such work is expected to exceed $1,000,000.

### IV.      FIRST CAUSE OF ACTION: RCW 19.22.040

1.      Under RCW 19.122.020, McDowell is an excavator.

2.      Under RCW 19.122.040, an excavator has a duty to take reasonable care to avoid damaging underground facilities.

3.      McDowell, as the excavator, failed to use reasonable care to avoid damaging underground facilities.

COMPLAINT FOR DAMAGES - 3

**PETER S. HOLMES**
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

4.      McDowell, as an excavator, failed to plan and perform excavation so as to avoid damage to or minimize interference with underground facilities in and near the excavation area including, but not limited to, the City's drainage and wastewater main pipeline; and

5.      As a result of McDowell's failure to fulfill its obligations under RCW 19.22.040, it is liable for resulting damages and attorneys' fees RCW 19.22.040(3) and (4).

## V.      SECOND CAUSE OF ACTION – RCW 19.122.070

1.      McDowell did not call for a locate before excavating.

2.      McDowell, as an excavator, had a nondelegable duty to comply with RCW 19.122, including requesting a locate. *See* RCW 19.122.040(3).

3.      Where an excavator fails to request a locate, the excavator is liable for treble damages, even if another entity has requested a locate.  This is because excavators are expected to be the experts, and general contractors might not appreciate that utility owners are not required to mark all known facilities in response to a locate request, among other reasons.

4.      McDowell is liable to the City for treble damages and attorney's fees.

## VI.      THIRD CAUSE OF ACTION – NEGLIGENCE

1.      McDowell owed the City a duty to ascertain the location of the abandoned sewer line before excavating and to avoid causing damage to the City's utilities.

2.      McDowell drilled pipe piles into the property at 3503 45th Ave NE and through the City's drainage and wastewater main pipeline causing damage to the City's facilities.

3.      McDowell breached its duty of care owed to the City and is liable to the City for the cost of repairs the City is required to undertake to maintain the City's facilities.

4.      Adams, as the general contractor, owed the City a duty of care regarding potential damage to City property from the project.

COMPLAINT FOR DAMAGES - 4

PETER S. HOLMES
Seattle City Attorney
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
(206) 684-8200

5.      Adams breached its duty to the City by failing to properly oversee subcontractors working as its agents, including but not limited to McDowell. This failure proximately caused the damage to the SPU's facilities.

6.      Adams also breached its duty when it failed to communicate to McDowell the existence of identified but unlocatable facilities in the project area. This failure proximately caused the damage to the SPU's facilities.

## VII.    PRAYER FOR RELIEF

1.      Wherefore, the City prays for the following relief:

2.      A monetary award in an amount yet to be determined, in excess of $1,000,000.00, for damage caused by the drilling of pipe piles the City's drainage and wastewater main pipeline.

3.      Treble damages from McDowell pursuant to RCW 19.122.070.

4.      An award of costs and statutory attorney's fees as to all defendants and full attorneys' fees as to McDowell pursuant to RCW 19.122.040(4) and other legal and equitable bases.

5.      Such other relief as the court deems just and equitable.

DATED this 8th day of August, 2019.

PETER S. HOLMES
Seattle City Attorney

By:     /s/Gurjot Narwal
        Gurjot Narwal, WSBA #46131
        Joseph Groshong, WSBA #41593
        Assistant City Attorneys
        Phone:  (206) 684-8223
        gurjot.narwal@seattle.gov
        joseph.groshong@seattle.gov

        Seattle City Attorney's Office
        701 5th Avenue, Suite 2050
        Seattle, WA  98104
        *Attorneys for Plaintiff, City of Seattle*

COMPLAINT FOR DAMAGES - 5